# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AZIZI OBA SEFU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1709 SNL |
| | ) | |
| LANCE SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Azizi Oba Sefu (registration no. 39459), an inmate at St. Louis Community Release Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.44. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $22.20, and an average monthly balance of $0.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.44, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Lance Smith (Chaplain, Eastern Reception, Diagnostic and Correctional Center), Douglas Worsham (Supervisor of Religious Programming, ERDCC), Randy Vance (Functional Unit Manager, ERDCC), Pat Smith (Superintendent, ERDCC), and Tom Clement (Deputy Director, Missouri Department of Corrections). The complaint seeks declaratory, injunctive, and monetary relief.

Plaintiff alleges that while he was incarcerated at ERDCC he was not allowed to practice his religion. Plaintiff claims that he is a "charter member" of a religious organization called the Monotheistic Sanctuary of Abraham. Plaintiff says that he

requested from defendants Lance Smith and Douglas Worsham accommodations for the practice of his religion but that his requests were denied. Plaintiff alleges that defendants Randy Vance, Pat Smith, and Tom Clement denied his grievances on this issue.

## Discussion

Plaintiff's claims against Lance Smith and Douglas Worsham survive initial review under 28 U.S.C. § 1915(e) and should not be dismissed at this time. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (inmates retain their First Amendment right to free exercise of religion in prison). As a result, the Court will order these defendants to respond to the complaint.

Plaintiff's claims against Randy Vance, Pat Smith, and Tom Clement are frivolous because an inmate does not have a constitutional right to have his grievances decided in his favor. As a result, the Court will dismiss these defendants from this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.44 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Lance Smith and Douglas Worsham.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Lance Smith and Douglas Worsham shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Randy Vance, Pat Smith, or Tom Clement because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

---

[1]These defendants are alleged to be employees at Missouri's Eastern Reception, Diagnostic and Correctional Center.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of December, 2007.

*Stephen N. Limbaugh*
_____
SENIOR UNITED STATES DISTRICT JUDGE